UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER MAITRE, individually, and as Mother, Guardian and Next Friend of CHRISTIAN FRANCIS MAITRE, A Minor<br><br>    Plaintiffs,<br><br>            v.<br><br>ELI LILY AND COMPANY<br><br>    Defendants. | Civil Action No. 03-2631 (JDB) |

## TRANSFER ORDER

Upon consideration of the Consent Motion to Transfer Action to the District of

Massachusetts, it is this 26th day of January, 2005, hereby

ORDERED that the consent motion to transfer is GRANTED, and this action is

TRANSFERRED to the United States District Court for the District of Massachusetts.

_____ /s/ John D. Bates _____
JOHN D. BATES
United States District Judge

Copies to:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, NW
Suite 500



-1-

155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
Fax: (617) 832-7000
Email: jdillon@foleyhoag.com
        *Counsel for defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER MAITRE, Individually, and as Mother, Guardian and Next Friend of CHRISTIAN FRANCIS MAITRE, A Minor,<br><br>                    Plaintiff,<br><br>          v.<br><br>ELI LILLY AND COMPANY,<br><br>                    Defendant. | CIVIL ACTION No. 03-CV-02631 (JDB/AK) |

## CONSENT MOTION TO TRANSFER ACTION
## TO THE DISTRICT OF MASSACHUSETTS

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant

to 28 U.S.C. § 1404(a), to the United States District Court for the District of Massachusetts.

Plaintiff consents to the allowance of this motion.

Lilly basis its motion on the fact that the District of Massachusetts is a more convenient

forum than the District of Columbia, the action could have originally been brought in the District

of Massachusetts, and transfer out of a district with no connection to the Plaintiffs' claims is in

the best interests of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division

where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454

U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an

action to a more convenient forum).

The District of Massachusetts is more convenient for the witnesses likely to be deposed

or called to testify at trial. Section 1404(a) instructs district courts to consider the convenience

of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Lilly has reason

to believe that all potential fact witnesses and sources of proof are located in or within the

subpoena power[1] of the District of Massachusetts.  According to Plaintiffs' interrogatory responses:

- Plaintiff Jennifer Maitre ("Mrs. Maitre") and her husband Christian A. Maitre reside together with their son Christian F. Maitre in Needham, MA.  Mrs. Maitre has lived in Massachusetts her entire life.

- Mrs. Maitre's mother, Mary Susan Bane, currently resides in Needham, MA, and lived in Massachusetts when she was pregnant with Mrs. Maitre.

- The prescribing physician, Dr. Charles Sullivan, had an office in Brighton, MA during Mrs. Bane's pregnancy with Mrs. Maitre.

- Mrs. Maitre has identified the dispensing pharmacy in this case as Kinne's Pharmacy in Needham, MA.  She has also submitted a pharmacist statement from Earl MacPherson, who currently resides in Needham, MA.

- All of Mrs. Maitre's identified treaters, including Drs. David Hagan (Brookline, MA), Selwyn Oskowitz (Brookline, MA), Bruce Cohen (Brookline, MA), and a Dr. Bartlett (Wellesley Hills, MA), are based in Massachusetts.

- All of Christian Maitre's treaters, including Drs. William Singer (Wellesley, MA), Allan Stern (Needham, MA), and Paula McEvoy (Needham, MA), are based in Massachusetts.

- Mrs. Maitre has identified two case-specific expert witnesses.  Dr. Merle Berger practices in Brookline, MA.  Dr. David Hagan, who has treated Mrs. Maitre, also practices in Brookline, MA.

---

[1] Pursuant to Fed. R. Civ. P. 45(b).  Rule 45(b) provides that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ."

This action "might have been brought" originally in the District of Massachusetts. 28 U.S.C. § 1404(a). First, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2] Lilly is incorporated and has its principal place of business in Indiana. Plaintiffs reside in and are presumably domiciled in Massachusetts. Second, the Massachusetts long-arm statute reaches torts producing consequences within the Commonwealth. *See* MASS. GEN. LAWS ch. 223A, § 3 (2001). Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction. Third, venue is proper in the District of Massachusetts because Plaintiffs' injuries that were allegedly caused by DES were diagnosed and treated in Massachusetts. *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Finally, the interests of justice support transfer of this action to the District of Massachusetts. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider). First, Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently. The next factor, the applicable law, favors the District of Massachusetts because Massachusetts tort law is likely to be applied, and Massachusetts is more familiar with its substantive law than is the District of Columbia. *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute). Finally, this case has no connection to the District of Columbia

---

[2] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiffs cannot recover more than $75,000. However, Lilly does not concede that the value of Plaintiffs' claims in fact exceed that minimum requirement.

- 3 -

except that it was filed here: no witnesses reside here, Mrs. Maitre's alleged exposure to DES did

not occur here, and none of her injuries were diagnosed or treated here.  Because this case has no

connection to this district and because Plaintiffs consent to transfer, it is equitable to transfer this

case out of the District of Columbia.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Lilly respectfully request that this Court

grant its motion to transfer this case to the District of Massachusetts.

Respectfully submitted

ELI LILLY AND COMPANY,

/s/ James J. Dillon
James J. Dillon  (DC Bar #485593)
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000
Attorney for Defendant
Eli Lilly and Company

Dated:  December 22, 2004

## LOCAL RULE 7.1(m) CERTIFICATION

Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through
its counsel, it conferred with Plaintiffs' counsel to determine whether Plaintiffs oppose the relief
requested in this motion.  Plaintiffs' counsel indicated that they consent to the allowance of this
motion.

/s/ John M. Gransky

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER MAITRE, *et al.*,

        Plaintiffs,

           v.

ELI LILLY,

        Defendant.

Civil Action
No.03-2631 (TPJ)(AK)

## **ORDER**

The above-captioned case was referred to the undersigned by the Honorable Thomas Penfield Jackson for the purpose of facilitating a settlement. Accordingly, it is by the Court this 21st day of July, 2004, hereby

**ORDERED:**

1. The lead attorney(s) for the parties shall appear before the undersigned, in room 1130 (chambers) on March 10, 2005, at 10:30 a.m. The parties shall either attend the settlement conference or be available by telephone.

2. The parties may submit confidential settlement statements in advance of the mediation but such statements are Not Required, and in most cases, they

1



are unnecessary.

3.  If any attorney or party is unavailable on the date and at the time set forth above, the attorney shall notify the other attorney(s) in the case as soon as possible to arrange a telephone conference call with chambers to select an alternative date and time.

3.  Telephone conference calls to chambers (202/354-3030) shall be placed only between 3:00 and 5:00 p.m., Monday through Friday.

4.  If the settlement conference must be rescheduled, the undersigned will require the attorney with the scheduling conflict to confirm the new date and time in a letter to the other attorneys and the Court.

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JENNIFER MAITRE,<br>Individually and as Mother, Guardian and<br>Next Friend of CHRISTIAN MAITRE, a minor,<br><br>      Plaintiff,<br><br>      v.<br><br>ELI LILLY AND COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. 03-2631 (TPJ)<br>)<br>)<br>)<br>)<br>) |

## MEDIATION ORDER

In accordance with the proceedings in open court at the initial status conference of July 16, 2004, it appearing to the Court that all parties have consented to proceed by mediation, it is, this _16th____ day of July, 2004,

ORDERED, that all contested proceedings in this case are stayed for 60 days from the date of this order; and it is

FURTHER ORDERED, that this case is referred to Magistrate Judge Alan Kay for purposes of mediation; and it is

FURTHER ORDERED, that counsel and parties, including persons with settlement authority, attend the mediation; and it is

FURTHER ORDERED, that any settlement negotiated through the mediation process shall be subject to review by the Court before such settlement becomes final.

_____/S/_____
Thomas Penfield Jackson
U.S. District Judge

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER MAITRE, Individually,        ]
and as Mother, Guardian and Next      ]
Friend of CHRISTIAN FRANCIS           ]
MAITRE, a Minor,                      ]
                                      ]
            Plaintiff,                ]
                                      ]
       v.                             ]        Civil Action No.: 03-2631 (TPJ)
                                      ]        Next Event:
                                      ]
ELI LILLY AND COMPANY,                ]
                                      ]
            Defendant.                ]

## JOINT RULE 16.3 REPORT

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for plaintiff and

defendant conferred up to and including July 7, 2004,  and hereby submit the following succinct

statement of all agreements reached and positions taken by the parties on matters about which there

was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and
whether, if a dispositive motion has already been filed, the parties should recommend to the Court
that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendant will bring

dispositive motions as the parties have not yet engaged in any discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings
amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional

parties or amend the pleadings.  The parties acknowledge that once discovery has begun, there may

then be a need to join other parties or to amend the pleadings; (b) the parties agree that there are not



yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiff consents to having the case assigned to a magistrate judge. Defendant does not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The plaintiff proposes to have this case referred to Magistrate Judge Alan Kay for mediation after the completion of discovery. The defendant proposes to have this case referred to Nancy Lesser, Esq. of PAX ADR after the close of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendant learns during discovery, Defendant may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures.  The parties also agree that if plaintiff requests an extension of time to respond to defendant's discovery requests, plaintiff shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in her possession (or the possession of her attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all known medical providers who have treated plaintiff Jennifer Maitre and/or her mother and/or the minor plaintiff, Christian Maitre; (d) the identity and address of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiff and/or her attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendant agrees that, within a week of the time that defendant obtains any medical records (other than medical records received directly from plaintiff), defendant shall send a copy of all such medical records to plaintiff's counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories.  The parties agree that the number of non-expert deposition should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of Plaintiff, any present or former husband of plaintiff, her mother, and her father, as well as the depositions of any relevant medical providers or pharmacists.  The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

-4-

The parties suggest the following schedule:

November 15, 2004:        Deadline for serving discovery requests.

December 15, 2004:        Deadline for plaintiffs to designate experts and provide expert

reports, pursuant to Rule 26(a)(2).

January 14, 2005:         Deadline for defendant to designate experts and provide expert

reports, pursuant to Rule 26(a)(2).

March 15, 2005:           All Discovery Closed. The parties agree that experts may be

deposed until the closed of discovery.

April 14, 2005:           Deadline for filing Dispositive Motions.

June 2005:                Pre-Trial Conference.

The parties' Proposed Scheduling Order attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for

deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule

26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list

of cases in which the witness has testified as an expert at trial or by deposition within the preceding

four years. However, the parties may inquire into the topic of prior cases at the time of the

deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in June 2005.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.    Plaintiff's:

This is a products liability/personal injury case arising from Plaintiff Jennifer Maitre's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendant in 1963 to the Ms. Matire's mother for the purpose of preventing miscarriage.

Plaintiff Jennifer Maitre claims that as a result of her in utero exposure to DES, she has

suffered injuries, including but not limited to, uterine and cervical malformations and an incompetent cervix, resulting in an ectopic (tubal) pregnancy, a pregnancy loss at 19 weeks gestation, infertility, the inability to carry a pregnancy to term, and the premature birth of minor Plaintiff Christian Maitre with his resultant injuries and sequella of prematurity with concomitant medical and surgical expenses, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired, and that the Defendant is liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

B.    Defendant's:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Lilly believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that Plaintiff was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the Plaintiff complains, and that Lilly breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

A.    Plaintiff's:

The statutory basis for the Plaintiff's causes of action is 28 U.S.C. § 1332(a) (diversity).

B.    Defendant's:

Affirmative defenses asserted by the Defendant with a statutory basis are that the Plaintiff's

claims may be barred by the statute of limitations and that the Plaintiff's claims may be barred and

preempted by the Federal Food, Drug, and Cosmetic Act.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES          FOLEY HOAG LLP


  /s/ Aaron M. Levine                       /s/ Lawrence H. Martin (by permission-rm)
AARON M. LEVINE, #7864                  LAWRENCE H. MARTIN, #476639
1320 19th Street, N.W.                  1875 K Street, N.W.
Suite 500                               Suite 800
Washington, DC 20036                    Washington, DC  20006
202/833-8040                            202-223-1200

Counsel for Plaintiff                   and

                                        James J. Dillon, Esq.
                                        FOLEY HOAG LLP
                                        155 Seaport Boulevard
                                        Boston, MA 02210-2600
                                        617/832-1000

                                        Counsel for Defendant Eli Lilly and
                                        Company


Dated: July 7, 2004.

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER MAITRE, Individually,        ]
and as Mother, Guardian and Next      ]
Friend of CHRISTIAN FRANCIS           ]
MAITRE, a Minor,                      ]
                                      ]
            Plaintiff,                ]
                                      ]
      v.                              ]     Civil Action No.: 03-2631 (TPJ)
                                      ]     Next Event:
                                      ]
ELI LILLY AND COMPANY,                ]
                                      ]
            Defendant.                ]

## PROPOSED SCHEDULING ORDER

The parties suggest the following schedule:

November 15, 2004:        Deadline for serving discovery requests.

December 15, 2004:        Deadline for plaintiffs to designate experts and provide expert

reports, pursuant to Rule 26(a)(2).

January 14, 2005:         Deadline for defendant to designate experts and provide expert

reports, pursuant to Rule 26(a)(2).

March 15, 2005:           All Discovery Closed. The parties agree that experts may be

deposed until the closed of discovery.

April 14, 2005:           Deadline for filing Dispositive Motions.

June  2005:               Pre-Trial Conference.


DATED: _____        _____
                                       THOMAS PENFIELD JACKSON
                                       United States District Judge

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES          FOLEY HOAG LLP


 /s/ Aaron M. Levine                               /s/ Lawrence H. Martin (by permission-rm)
AARON M. LEVINE, #7864                 LAWRENCE H. MARTIN, #476639
1320 19th Street, N.W.                 1875 K Street, N.W.
Suite 500                              Suite 800
Washington, DC 20036                   Washington, DC   20006
202/833-8040                           202-223-1200

Counsel for Plaintiff                  and

                                       James J. Dillon, Esq.
                                       FOLEY HOAG LLP
                                       155 Seaport Boulevard
                                       Boston, MA 02210-2600
                                       617/832-1000

                                       Counsel for Defendant Eli Lilly and Company


Dated: July 7, 2004.

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

JENNIFER MAITRE,     )
      Plaintiff,    )
           )
      vs.    )    **Case No. 03-2631-(GK)**
           )
ELI LILLY AND COMPANY,    )
et al.,         )
      Defendant,    )

## NOTICE REGARDING SUPERIOR COURT FILE

The original file, certified copy of transfer order, and docket sheet received from the Superior Court for the District of Columbia is in paper form only and is being maintained in the in the Clerk's office. The Superior Court Case Number is **03ca9531.** These documents will be available for public viewing and copying between the hours of 9:00 a.m. to 4:00 p.m., Monday through Friday.

NANCY MAYER-WHITTINGTON, CLERK

Date:1/14/04



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER MATIRE, Individually and<br>as Mother, Guardian and Next Friend of<br>CHRISTIAN FRANCIS MAITRE,<br>a Minor, ] ] ] ]<br><br>   Plaintiff, ] ] ]<br><br>  v. ] ]<br><br>ELI LILLY AND COMPANY, ] ]<br><br>   Defendant. ] | Civil Action No.: 03-2631 (TPJ)<br>Next Event: |

### NOTICE OF APPEARANCE

TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

Pursuant to LCvR 83.6, please enter the appearance of Aaron M. Levine, Brandon J. Levine, Renee L. Robinson-Meyer, and Steven J. Lewis of AARON M. LEVINE & ASSOCIATES as counsel for plaintiff JENNIFER MAITRE, Individually and as Mother, Guardian and Next Friend of CHRISTIAN FRANCIS MAITRE, a Minor, in the above-referenced matter.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W., Suite 500
Washington, DC 20036
202-833-8040

/s/ Brandon J. Levine
BRANDON J. LEVINE, #412130

/s/ Renee L. Robinson-Meyer
RENEE L. ROBINSON-MEYER, #455375

/s/ Steven J. Lewis
STEVEN J. LEWIS, #472564

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER MAITRE, Individually and as
Mother, Guardian and Next Friend of
CHRISTIAN FRANCIS MAITRE, a Minor,

Plaintiff,

v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285,

Defendant.

CIVIL ACTION No.

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the

Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but

expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed

to the allegations of the Complaint.

1. Whether jurisdiction exists in this court pursuant to 28 U.S.C. § 1332(a) is a legal

question to which no response is required. To the extent a response is required, however, Lilly

denies the allegations contained in Paragraph 1 of the Complaint.

2. Lilly is without knowledge or information sufficient to form a belief as to the

representative capacity of Plaintiff alleged in Paragraph 2 of the Complaint.

3. Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia.

Lilly also states that it is doing business in the District of Columbia, that the U.S. Food and Drug

17/511999.7

Administration ("FDA") is headquartered in the District of Columbia, and that the FDA

approved Lilly's sales of diethylstilbestrol and declared that the drug was generally recognized

as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the

allegations contained in Paragraph 3 of the Complaint.

## COUNT I
### (Negligence--Jennifer Maitre v. Eli Lilly and Company)

4.  Lilly is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 4. To the extent that a response is required, however,

Lilly denies the allegations of Paragraph 4 of the Complaint.

5.  Lilly denies the allegations contained in Paragraph 5.

6.  Lilly denies the allegations contained in Paragraph 6.

## COUNT II
### (Strict Liability--Jennifer Maitre v. Eli Lilly and Company)

7.  Lilly repeats and realleges its answers contained in Paragraphs 1 through 6 above.

8.  Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9.  Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

## COUNT III
### (Breach of Warranty--Jennifer Maitre v. Eli Lilly and Company)

12. Lilly repeats and realleges its answers contained in Paragraphs 1 through 11 above.

13. Lilly admits that following FDA approval of its Supplemental New Drug Application

in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain

accidents of pregnancy as referenced in its product literature.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

15. Lilly denies the allegations contained in Paragraph 15 of the Complaint.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

### COUNT IV
**(Misrepresentation--Jennifer Maitre v. Eli Lilly and Company)**

17. Lilly repeats and realleges its answers contained in Paragraphs 1 through 16 above.

18. Lilly denies the allegations contained in Paragraph 18 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint..

20. Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint.

### COUNT V
**(Negligence--Christian Francis Maitre, a Minor v. Eli Lilly and Company)**

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly admits that DES is a synthetic estrogen and states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

### COUNT VI
**(Strict Liability--Christian Francis Maitre, a Minor v. Eli Lilly and Company)**

25. Lilly repeats and realleges its answers contained in Paragraphs 1 through 24 above.

26. Lilly admits the existence prior to 1963 of medical articles suggesting that DES, like all estrogens, could cross the placenta. Except as already stated, Lilly denies the allegations contained in Paragraph 26 of the Complaint.

27. Lilly denies the allegations contained in Paragraph 27 of the Complaint.

28. Lilly denies the allegations contained in Paragraph 28 of the Complaint.

29. Lilly denies the allegations contained in Paragraph 29 of the Complaint.

30. Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

<u>COUNT VII</u>
**(Punitive Damages)**
32. Lilly denies the allegations contained in Paragraph 32 of the Complaint.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Lilly.

**THIRD DEFENSE**

The Plaintiffs' Claims are barred by the applicable statute of limitations or laches.

**FOURTH DEFENSE**

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

**FIFTH DEFENSE**

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

### SIXTH DEFENSE

This court lacks personal jurisdiction over defendant.

### SEVENTH DEFENSE

Venue is improper in this judicial district.

### EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

### NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

            and

James J. Dillon,
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: December 24, 2003

## CERTIFICATE OF SERVICE

I certify that a true copy of Eli Lilly and Company's Answer to The Complaint was served on December 24, 2003 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.

/s/ Lawrence H. Martin
Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER MAITRE, Individually and as
Mother, Guardian and Next Friend of
CHRISTIAN FRANCIS MAITRE, a Minor,

Plaintiff,

v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285,

Defendant.

CIVIL ACTION No.

## CERTIFICATE UNDER LCvR 7.1

Certificate required by Rule 7.1 of the Local Rules of the United States District Court for
the District of Columbia:

I, the undersigned, counsel of record for Defendant Eli Lilly and Company, certify that to
the best of my knowledge and belief, the following are parent companies, subsidiaries, or
affiliates of Eli Lilly and Company which have any outstanding securities in the hands of the
public.

### Lilly Del Mar, Inc., a British Virgin Islands Corporation

These representations are made in order that judges of this Court may determine the need
for recusal.



17/512006.4

Respectfully submitted,

ELI LILLY AND COMPANY


/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon,
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000


Dated:  December 24, 2003

## CERTIFICATE OF SERVICE

I certify that a true copy of the LCvR 7.1 Certificate was served on December 24, 2003 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.

/s/ Lawrence H. Martin
Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JENNIFER MAITRE, Individually and as
Mother, Guardian and Next Friend of
CHRISTIAN FRANCIS MAITRE, a Minor,

               Plaintiff,

         v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285,

               Defendant.

CIVIL ACTION No.

---

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice of Removal and states:

1.     Lilly is the defendant in an action commenced against it by the plaintiff, Jennifer Maitre, Individually and as Mother, Guardian and Next Friend of Christian Francis Maitre, a Minor, pending in Superior Court for the District of Columbia, captioned <u>Jennifer Maitre, Individually and as Mother, Guardian and Next Friend of Christian Francis Maitre, a Minor v. Eli Lilly and Company</u>, Civil Action No. 03-0009531 (the "Superior Court action"). True copies of all process, pleadings and orders served on Lilly in the Superior Court action are attached hereto as Exhibit A and specifically incorporated herein.

2.     In her Complaint, plaintiff Jennifer Maitre alleges that she is a resident of Massachusetts. Defendant Lilly is a corporation organized under the laws of the State of Indiana with a principal place of business in Indianapolis, Indiana. There is, therefore, complete diversity of citizenship.

3.    The plaintiff claims damages in excess of $75,000. Accordingly, the matter in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

4.    Lilly was served with a summons and a copy of plaintiff's Complaint and Demand for Jury Trial on December 5, 2003. Consequently, this notice is timely under 28 U.S.C. §1446(b).

5.    This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and that may be removed to this Court by Lilly.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon,
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated:  December 24, 2003

## CERTIFICATE OF SERVICE

I certify that a true copy of the Notice of Removal was served on December 24, 2003 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.

/s/ Lawrence H. Martin
Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER MAITRE, Individually and as
Mother, Guardian and Next Friend of
CHRISTIAN FRANCIS MAITRE, a Minor,

            Plaintiff,

        v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285,

            Defendant.

CIVIL ACTION No.

## NOTICE OF FILING CERTIFIED COPIES OF STATE COURT PAPERS

Pursuant to 28 U.S.C. § 1446, defendant hereby files certified copies of all records and proceedings in the Superior Court action (Superior Court for the District of Columbia Civil Action No. 03-0009531).

17/512003.2

Respectfully submitted,

ELI LILLY AND COMPANY


/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

            and

James J. Dillon,
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated:  December 24, 2003

## CERTIFICATE OF SERVICE

I certify that a true copy of the Notice of Filing Certified State Court Papers was served on December 24, 2003 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.

/s/ Lawrence H. Martin
Lawrence H. Martin

```
           SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
               03ca009531  DOCKET        AS OF  12/22/03        EP2003

CAPTION: Maitre,J. vs. Eli Lilly and Co          USER:Kenner, India
ASSIGNED JUDGE  Neal E. Kravitz                  DEPT:Civil

 Codes Embedded in Docket Entries
 -------------------------------
(cns) - cancelled by consolidation
(den) - denied
(fin) - final disposition
(jsd) - cancelled by disposition
(gra) - granted
(hrg) - hearing
(mot) - motion opposition due
(ord) - order
(opp) - opposition to motion
(prt) - partial disposition
(rej) - rejected
(rst) - rescheduled
(wdr) - withdrawn


(cn1) - Captioned case is the lead case in consolidated group
(case#) - Captioned case is subsidiary to (lead case)
FSDATE: - first scheduled date
NSDATE: - next scheduled date
LSDATE: - last scheduled date
INTRATE - interest rate
INTDATE - interest as of date
```

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
03ca009531  DOCKET        AS OF  12/22/03            EP2003

CAPTION: Maitre,J. vs. Eli Lilly and Co            USER:Kenner, India
ASSIGNED JUDGE  Neal E. Kravitz                     DEPT:Civil

| FILED/<br>EVENT | PARTIES/<br>ENTRIES | DOCKETED |
|---|---|---|
| P001 | Jennifer Maitre | |
| P001A | Aaron M. Levine, Esq.<br>1320 19th St., N.W.<br>Suite 500<br>Washington, D.C.<br>20036 | bar#007864 |
| P002 | Jennifer Maitre % Christian Maitre | |
| P002A | see previous  bar#007864 | |
| | VS | |
| D001 | Eli Lilly And Company | |
| D001 | (Pro se )<br>Lilly Corporate Center<br>Indianapolis, IN<br>46285 | |
| 11/21/03 | Complaint for Personal injury | 12/01/03 |
| 03/05/04 | Initial SCHEDULING conference @ 9:30am<br>FSDATE:   040305ss | -SCDC-ss |

PAGE       1  of       1

CA Form 1

## Superior Court of the District of Columbia

### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

JENNIFER MAITRE, Individually
and as Mother, Guardian and Next Friend of
CHRISTIAN FRANCIS MAITRE, a Minor

*Plaintiff*

vs.

Civil Action No.

03-0009531

ELI LILLY AND COMPANY          *Defendant*
w/s/o     NATIONAL REGISTERED AGENTS,
INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005



**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine, Esq
Name of Plaintiff's Attorney

1320 19th Street, NW, Suite 500

Address
Washington, D.C. 20036

(202) 833 8040
Telephone

By _____
Deputy Clerk

Date  12.1.03

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 83

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

JENNIFER MAITRE, Individually
and as Mother, Guardian and Next Friend of
CHRISTIAN FRANCIS MAITRE, a Minor
86 Newell Avenue
Needham, MA  02492

       Plaintiff,

   v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN  46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC  20005

      Defendant.

02-0009531



FILED
CIVIL ACTIONS BRANCH

DEC 0 1 2003

Clerk of Court
Superior Court, District of Columbia
Washington, D.C.

C17

### COMPLAINT
#### (DES Litigation - Products Liability, Punitive Damages)

1.    Jurisdiction is founded upon 28 U.S.C. §1332(a).

2.    Plaintiff Jennifer Maitre brings this suit individually and as the mother, guardian and next friend of Plaintiff Christian Francis Maitre, a minor.

3.    Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for DES. Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
### (Negligence - Jennifer Maitre v. Eli Lilly and Company)

4.     During her pregnancy with Plaintiff Jennifer Maitre on or about 1963, the mother of the Plaintiff Jennifer Maitre, Mary Susan Bane, purchased and ingested DES in the state of Massachusetts exposing her daughter to same during her formation. Said drug was prescribed by her treating obstetrician during the pregnancy. The drug ingested was manufactured, sold, distributed and promoted by Defendant Lilly.

5.     As a result of Plaintiff Jennifer Maitre's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations resulting in ectopic pregnancy, miscarriages, the inability to carry a pregnancy to term, the premature birth of minor Plaintiff Christian Francis Maitre, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired.

6.     Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability - Jennifer Maitre v. Eli Lilly and Company)

7.     All of the allegations contained in paragraphs 1 though 9 are hereby realleged.

8.     DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

9.     Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have

been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

10.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Jennifer Maitre was unreasonably exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

11.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff Jennifer Maitre for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty - Jennifer Maitre v. Eli Lilly and Company)

12.    All of the allegations contained in paragraphs 1 through 14 are hereby realleged .

13.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

14.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff Jennifer Maitre and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

15.    At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

16.    As a direct result of the breach of warranties by the Defendant, Plaintiff Jennifer Maitre has been injured as aforesaid.

## COUNT IV
### (Misrepresentation - Jennifer Maitre v. Eli Lilly and Company)

17.   All of the allegations contained in paragraphs 1 through 19 are hereby realleged.

18.   Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

19.   The mother of the Plaintiff Jennifer Maitre and her attending physicians, did, in fact, rely on Defendant's representations in its advice about purchase, use, and consumption of DES.

20.   At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

21.   As a direct result of said false representations by Defendant, Plaintiff Jennifer Maitre was injured as aforesaid.

## COUNT V
### (Negligence – Christian Francis Maitre, a Minor v. Eli Lilly and Company)

22.   Plaintiff Jennifer Maitre brings this suit as mother, guardian and next friend of Christian Francis Maitre, a minor, who was injured as a result of his premature birth, as a result of his mother's, Plaintiff Jennifer Maitre's, exposure to DES in utero.

23.   The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus. The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendant). In 1963, Mary Susan Bane, the minor

Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted. This defect is such that the organs (uterus and incompetent cervix) are not capable of holding back, restraining or delaying pregnancy. The infant, Christian Francis Maitre, was born 12 weeks early, at 28 weeks gestation, because of his mother's DES-injured birth uterus and cervix, which he shared for the 28 weeks of his gestation. As a result, Christian Francis Maitre was born prior to full maturity of his lungs, brain and body, resulting in permanent and severe injuries, including, but not limited to gross motor developmental delays and failure to thrive, which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life.

24.    Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT VI
**(Strict Liability – Christian Francis Maitre, a Minor v. Eli Lilly and Company)**

25.    All of the above allegations are realleged and incorporated herein by reference.

26.    Prior to 1963, the date the Plaintiff's birth uterus was injured, numerous reports were received in the medical and scientific literature to the effect that:

 a.    DES, as well as many other chemicals, could cross the placenta;

 b.    DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

 c.    DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

     d.   DES had a potent cellular effect on female reproductive organs;

     e.   DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendant;

     f.   DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

     g.   raised questions about the toxicity of DES to the developing fetal female reproductive organs.

27.   Based on the above reports, it was foreseeable, expected and knowable by Defendant that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1963 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

28.   DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

29.   Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's excessive advertising campaigns proclaiming the safety and efficacy of DES.

30.   As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiff's mother, Jennifer Maitre, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

31.   Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

## COUNT VII
### (Punitive Damages)

32.   The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.  Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.  The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared.  Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE,** Plaintiff Jennifer Maitre, individually, demands judgment against Defendant in the sum of $1 Million ($1,000,000.00) in compensatory damages and $1 Million ($1,000,000.00) in punitive damages, plus costs.

**WHEREFORE**, Plaintiff Jennifer Maitre, as Mother, Guardian and Next Friend of Christian Francis Maitre, a minor, demands judgment against Defendant for $10 Million ($10,000,000.00) in compensatory and punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES, P.A.

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand trial by a jury of six as to all issues of material fact.

Aaron M. Levine

A TRUE COPY
TEST:

Clerk, Superior Court of
the District of Columbia

By _____
                    Deputy Clerk

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JENNIFER MAITRE, Individually and as
Mother, Guardian and Next Friend of
CHRISTIAN FRANCIS MAITRE, a Minor,

Plaintiff,

v.

ELI LILLY AND COMPANY,

Defendant.

CIVIL ACTION No. 03-0009531

**NOTICE OF FILING**
**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that on December 24, 2003, defendant Eli Lilly and Company filed the

attached Notice of Removal in the United States District Court for the District of Columbia.

Respectfully submitted,

ELI LILLY AND COMPANY

Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon,
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated:  December 24, 2003

17/512005.2

## CERTIFICATE OF SERVICE

I certify that a true copy of the Notice of Filing a Notice of Removal was served on December 24, 2003 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.

Lawrence H. Martin

CLOSED, JURY, TYPE-B

## U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:03-cv-02631-JDB
## Internal Use Only

MAITRE v. ELI LILLY AND COMPANY
Assigned to: Judge John D. Bates
Demand: $2000000
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 12/24/2003
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**JENNIFER MAITRE**
*Individually and as Mother, Guardian
and Next Friend of CFM a minor*

represented by **Aaron M. Levine**
AARON M. LEVINE &
ASSOCIATES, P.A.
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email: aaronlevinelaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brandon J. Levine**
AARON M. LEVINE & ASSOCIATES

1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email: levbran@aol.com
*ATTORNEY TO BE NOTICED*

**Renee Lynne Robinson-Meyer**
AARON M. LEVINE & ASSOCIATES

1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email: aaronlevinelaw@aol.com
*ATTORNEY TO BE NOTICED*

Steven Jay Lewis
AARON M. LEVINE & ASSOCIATES

1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email: slewis@aaronlevinelaw.com
*ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**ELI LILLY AND COMPANY**          represented by  **Lawrence Hedrick Martin**
FOLEY HOAG LLP
1875 K Street, NW
Washington, DC 20006
(202) 223-1200
Fax: (202) 785-6687
Email: lmartin@foleyhoag.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James J. Dillon**
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
Fax: (617) 832-7000
Email: jdillon@foleyhoag.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/24/2003 | ◯1 | NOTICE OF REMOVAL from Superior Court for the District of Columbia, case number 03-0009531. ( Filing fee $ 150 ) (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(rje, ) (Entered: 12/30/2003) |
| 12/24/2003 | ◯2 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ELI LILLY AND COMPANY. (rje, ) (Entered: 12/30/2003) |
| 12/24/2003 | ◯3 | ANSWER to Complaint by ELI LILLY AND COMPANY.(rje, ) (Entered: 12/30/2003) |
| 12/24/2003 | ◯ | SUMMONS Not Issued as to ELI LILLY AND COMPANY (rje, ) (Entered: 12/30/2003) |
| 12/30/2003 | ◯4 | NOTICE of Appearance by Aaron M. Levine on behalf of JENNIFER |

| | | MAITRE (Levine, Aaron) (Entered: 12/30/2003) |
|---|---|---|
| 01/14/2004 | ●5 | ORIGINAL FILE, certified copy of transfer order and docket sheet received from Superior Court of the District of Columbia. Other Court Case No. 03ca9531. (rje, ) (Entered: 01/16/2004) |
| 07/07/2004 | ●6 | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(Levine, Aaron) (Entered: 07/07/2004) |
| 07/16/2004 | ● | Minute Entry for proceedings held before Judge Thomas Penfield Jackson : Scheduling Conference held on 7/16/2004. Case referred to Magistrate Judge Kay for Mediation. Order to be filed. (Court Reporter Joanne Gallo-Miller.) (whb) Modified on 7/16/2004 (zwhb, ). (Entered: 07/16/2004) |
| 07/16/2004 | ●7 | ORDER REFERRING CASE to Magistrate Judge Alan Kayfor mediation. Signed by Judge Thomas Penfield Jackson on 7/16/04. (lctpj2, ) (Entered: 07/16/2004) |
| 07/16/2004 | ● | CASE REFERRED to Magistrate Judge Alan Kay for Mediation. (jsc) Modified on 7/29/2004 (jsc, ). (Entered: 07/28/2004) |
| 07/22/2004 | ●8 | ORDER setting mediation for March 10, 2005, at 10:30 a.m. Signed by Magistrate Judge Alan Kay on 7/21/04. (DM) (Entered: 07/22/2004) |
| 09/16/2004 | ● | Case Reassigned to Judge Unassigned. Judge Thomas Penfield Jackson no longer assigned to the case. You will be notified when this case has been formally reassigned. (gt, ) (Entered: 09/16/2004) |
| 10/07/2004 | ● | Case Assigned to Judge Thomas Penfield Jackson. Judge Unassigned no longer assigned to the case. (td, ) (Entered: 10/13/2004) |
| 10/07/2004 | ● | Case Reassigned to Judge John D. Bates. Judge Thomas Penfield Jackson no longer assigned to the case. (td, ) (Entered: 10/13/2004) |
| 12/22/2004 | ●9 | Consent MOTION to Transfer Case *to the District of Massachusetts* by ELI LILLY AND COMPANY. (Dillon, James) (Entered: 12/22/2004) |
| 01/26/2005 | ●10 | ORDER granting Consent Motion to Transfer Case. Signed by Judge John D. Bates on 1/26/2005. (lcjdb1) (Entered: 01/26/2005) |
| 01/26/2005 | | ***Case Referral ended as to Magistrate Judge Alan Kay. (kk) (Entered: 02/03/2005) |
| 01/27/2005 | | ***Civil Case Terminated. (tb) (Entered: 01/27/2005) |
| 03/03/2005 | ● | Case electronically transferred to U.S. District Court for the District of Massachusetts. (lc, ) (Entered: 03/03/2005) |