UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JENNIFER MAITRE, Individually,
and as Mother, Guardian and Next Friend of
CHRISTIAN FRANCIS MAITRE,
A Minor,

                    Plaintiff,

            v.

ELI LILLY AND COMPANY,

                    Defendant.

Civil Action No. 05-CV-19442 (JLT)

## DEFENDANT ELI LILLY AND COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

Defendant Eli Lilly and Company ("Lilly") moves for Summary Judgment on all claims asserted against it by minor plaintiff because Massachusetts has not, and in all likelihood will not, allow recovery in third generation tort cases. In further support of its motion, Lilly adopts and incorporates herein its accompanying Memorandum of Points and Authorities (including its Statement of Undisputed Facts) and the Affidavit of Brian L. Henninger ("Henninger Aff.").

WHEREFORE, Lilly moves for the entry of summary judgment in its favor on all counts.

B3217805.1

**REQUEST FOR HEARING**

Pursuant to LR 7.1(D), Lilly requests a hearing on its Motion for Summary Judgment.


Respectfully submitted,

ELI LILLY AND COMPANY
by its attorneys

/s/ Brian L. Henninger_____
James J. Dillon (BBO# 124660)
Brian L. Henninger (BBO# 657926)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000


Dated: June 15, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JENNIFER MAITRE, Individually,
and as Mother, Guardian and Next Friend of
CHRISTIAN FRANCIS MAITRE,
A Minor,

           Plaintiff,

    v.

ELI LILLY AND COMPANY,

           Defendant.

Civil Action No. 05-CV-19442 (JLT)

## AFFIDAVIT OF BRIAN L. HENNINGER IN SUPPORT OF ELI LILLY AND COMPANY'S MOTION FOR SUMMARY JUDGMENT

    I, Brian L. Henninger, being first sworn on oath, say that the following is true and correct:

    1.    I am an attorney at Foley Hoag LLP, counsel for Eli Lilly and Company ("Lilly") in this action. I am duly admitted to practice in the District of Massachusetts.

    2.    Attached as Exhibit 1 is a true copy of the Complaint.

    3.    Attached as Exhibit 2 is a true copy of Jennifer Maitre's Responses to Lilly's First Set of Interrogatories.

    4.    Attached as Exhibit 3 is a true copy of Jennifer Maitre's Responses to Lilly's First Set of Interrogatories as Mother, Guardian, and Next Friend of Christian Maitre.

Dated:  June 15, 2006

                              Brian L. Henninger

Sworn before me this 15th day of June 2006.

                              Notary Public

WENDY MATTO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
August 28, 2009

B3217783.1

**EXHIBIT 1**

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

JENNIFER MAITRE, Individually                    )
and as Mother, Guardian and Next Friend of       )
CHRISTIAN FRANCIS MAITRE, a Minor                )        03-0009531
86 Newell Avenue                                 )
Needham, MA  02492                               )
                                                 )
                    Plaintiff,                   )
                                                 )
          v.                                     )
                                                 )
ELI LILLY AND COMPANY                            )
Lilly Corporate Center                           )
Indianapolis, IN  46285                          )
w/s/o NATIONAL REGISTERED AGENTS, INC.           )
1090 Vermont Avenue, NW, #910                    )
Washington, DC  20005                            )
                                                 )
                    Defendant.                   )



## COMPLAINT
### (DES Litigation - Products Liability, Punitive Damages)

1.    Jurisdiction is founded upon 28 U.S.C. §1332(a).

2.    Plaintiff Jennifer Maitre brings this suit individually and as the mother, guardian

and next friend of Plaintiff Christian Francis Maitre, a minor.

3.    Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale,

promotion, and distribution of pharmaceuticals throughout the United States, and is doing

business in the District of Columbia.  The Defendant met with and conspired with numerous

pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental

approval for DES.  Defendant spearheaded industry-wide conferences in the District of

Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug

Administration reports questioning the efficacy of DES and studies raising serious questions of

safety.  These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
### (Negligence - Jennifer Maitre v. Eli Lilly and Company)

4.     During her pregnancy with Plaintiff Jennifer Maitre on or about 1963, the mother of

the Plaintiff Jennifer Maitre, Mary Susan Bane, purchased and ingested DES in the state of

Massachusetts exposing her daughter to same during her formation.  Said drug was prescribed by

her treating obstetrician during the pregnancy.  The drug ingested was manufactured, sold,

distributed and promoted by Defendant Lilly.

5.     As a result of Plaintiff Jennifer Maitre's embryonic exposure to DES, she suffered

injuries, including, but not limited to, uterine and cervical malformations resulting in ectopic

pregnancy, miscarriages, the inability to carry a pregnancy to term, the premature birth of minor

Plaintiff Christian Francis Maitre, medical expenses for care and treatment, physical and mental

pain, and the inability to have the family she desired.

6.     Said injuries were the result of the negligence of Defendant, including, but not

limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse

studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability - Jennifer Maitre v. Eli Lilly and Company)

7.     All of the allegations contained in paragraphs 1 though 9 are hereby realleged.

8.     DES is, and at all times relevant to this action was, an unreasonably dangerous and

defective drug when used by pregnant women for its advertised and intended purpose as a

preventative of miscarriage.

9.     Defendant knew, or should have known, that pregnant women and their attending

physicians could not realize and could not detect the dangerous and harmful nature of DES.

Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have

been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

10.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Jennifer Maitre was unreasonably exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

11.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff Jennifer Maitre for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty - Jennifer Maitre v. Eli Lilly and Company)

12.    All of the allegations contained in paragraphs 1 through 14 are hereby realleged .

13.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

14.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff Jennifer Maitre and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

15.    At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

16.    As a direct result of the breach of warranties by the Defendant, Plaintiff Jennifer Maitre has been injured as aforesaid.

### COUNT IV
**(Misrepresentation - Jennifer Maitre v. Eli Lilly and Company)**

17.    All of the allegations contained in paragraphs 1 through 19 are hereby realleged.

18.    Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

19.    The mother of the Plaintiff Jennifer Maitre and her attending physicians, did, in fact, rely on Defendant's representations in its advice about purchase, use, and consumption of DES.

20.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

21.    As a direct result of said false representations by Defendant, Plaintiff Jennifer Maitre was injured as aforesaid.

### COUNT V
**(Negligence – Christian Francis Maitre, a Minor v. Eli Lilly and Company)**

22.    Plaintiff Jennifer Maitre brings this suit as mother, guardian and next friend of Christian Francis Maitre, a minor, who was injured as a result of his premature birth, as a result of his mother's, Plaintiff Jennifer Maitre's, exposure to DES in utero.

23.    The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus.  The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendant).  In 1963, Mary Susan Bane, the minor

Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive

tract to become deformed, marred and stunted. This defect is such that the organs (uterus and

incompetent cervix) are not capable of holding back, restraining or delaying pregnancy. The

infant, Christian Francis Maitre, was born 12 weeks early, at 28 weeks gestation, because of his

mother's DES-injured birth uterus and cervix, which he shared for the 28 weeks of his gestation.

As a result, Christian Francis Maitre was born prior to full maturity of his lungs, brain and body,

resulting in permanent and severe injuries, including, but not limited to gross motor

developmental delays and failure to thrive, which have caused and continue to cause pain and

suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss

of enjoyment of life.

24.    Said injuries were the result of the negligence of Defendant, including, but not

limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse

studies regarding the safety and efficacy of DES.

<u>**COUNT VI**</u>
**(Strict Liability – Christian Francis Maitre, a Minor v. Eli Lilly and Company)**

25.    All of the above allegations are realleged and incorporated herein by reference.

26.    Prior to 1963, the date the Plaintiff's birth uterus was injured, numerous reports

were received in the medical and scientific literature to the effect that:

      a.    DES, as well as many other chemicals, could cross the placenta;

      b.    DES and other drugs and chemicals that crossed the placenta could effect

and injure the developing fetus;

      c.    DES was a "target" drug, i.e., it targeted or effected primarily the estrogen

receptor organs of the female reproductive tract, whether the primary or secondary

exposed person;

    d.    DES had a potent cellular effect on female reproductive organs;

    e.    DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendant;

    f.    DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

    g.    raised questions about the toxicity of DES to the developing fetal female reproductive organs.

27.    Based on the above reports, it was foreseeable, expected and knowable by Defendant that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1963 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

28.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

29.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's excessive advertising campaigns proclaiming the safety and efficacy of DES.

30.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiff's mother, Jennifer Maitre, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

31.    Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

<u>**COUNT VII**</u>
**(Punitive Damages)**

32.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Jennifer Maitre, individually, demands judgment against Defendant in the sum of $1 Million ($1,000,000.00) in compensatory damages and $1 Million ($1,000,000.00) in punitive damages, plus costs.

**WHEREFORE**, Plaintiff Jennifer Maitre, as Mother, Guardian and Next Friend of Christian Francis Maitre, a minor, demands judgment against Defendant for $10 Million ($10,000,000.00) in compensatory and punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES, P.A.

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand trial by a jury of six as to all issues of material fact.

Aaron M. Levine

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER MAITRE,     ]
            ]
     Plaintiff,   ]
            ]
    v.       ]  Civil Action No.: 03-CV-02631 (TPJ)
            ]
ELI LILLY AND COMPANY  ]
            ]
     Defendant.  ]

PLAINTIFF JENNIFER MAITRE'S ANSWERS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES

  1.  Please state your full legal name, your social security number and your date and place of birth, including the name and address of the hospital at which you were born, if any. If you have ever been known by any other name or names, please state each such name and when each such other name was used.

ANSWER: a.  Jennifer Susan Maitre

     b.  SS # 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

     c.  DOB: 11/27/63

     d.  St. Elizabeth Hospital, Brighton, MA

     e.  Bane, 11/27/63 - 6/8/91

  2.  Please state your present residential address and all former residential addresses and the inclusive dates for each.

ANSWER: a.   86 Newell Ave.
        Needham, MA 02492

        11/94 - current

     b.   1105 Lexington Street
        Waltham, MA

        6/91 - 11/94

     c.   Boston, MA

1986 - 1991

d.    43 Richardson Drive
Needham, MA

11/27/63 - 1986

3.    Please state your marital status.  If married, please state your spouse's full legal name, his residential address and the date of your marriage.  If formerly married, for each spouse, please state his full legal name, his present residential address, the date of your marriage, the date of its termination, and the method by which it was terminated (e.g., annulment, divorce, death of spouse).

ANSWER:    a.    Married

b.    Christian Albert Maitre

c.    86 Newell Ave.
Needham, MA 02492

d.    6/8/91

4.    Please state the full legal name of each of your parents, including your mother's maiden name, their places and dates of birth and their current residential address or addresses.  If either of your parents is deceased, please state the date, place and cause of death.

ANSWER:    a.    Mother: Mary Susan Bane

i.    Spain

ii.    5/9/38

iii.    Troy, NY

iv.    43 Richardson Drive
Needham, MA 02492

b.    Father: Thomas Fenton Bane

i.    7/29/36

ii.    Waterbury, CT

iii.    Died 8/01 in Berwyn, PA of cancer

5.    Please state the address of each residence of your mother for the period beginning five years prior to the date of birth of your mother's first child through the present.

**ANSWER:**    a.    419 Beacon Street
                        Boston, MA

                        1960 - 10/61

            b.    133 Beaconsville Road
                        Needham, MA

                        10/61 - 3/62

            c.    1217 Forge Road
                        Cherry Hill, NJ

                        3/62 - 3/63

            d.    43 Richardson Drive
                        Needham, MA

                        3/63 - present

6.    If you contend that your mother took diethylstilbestrol ("DES" or "stilbestrol") during her pregnancy with you, please state the name and address of each physician who prescribed it; if any physician who prescribed DES is deceased, please state the name and address of the current custodian of his or her medical records; and please state the purpose for which the drug was prescribed.

**ANSWER:**    a.    Charles Sullivan, M.D., Brighton, MA

            b.    Custodian of medical records unknown

            c.    DES was prescribed for the prevention of miscarriage

7.    Please identify, by name and address, each pharmacy or other supplier that dispensed the DES allegedly ingested by your mother while pregnant with you. If you do not know the name of the pharmacy, please state the name and address of each pharmacy or retail drug outlet that was patronized by your mother or father during the twelve months that preceded your birth.

**ANSWER:**        Kinne's Pharmacy, Needham, MA

8.    Describe in detail the physical appearance of the diethylstilbestrol you allege your mother ingested, including its form (for example, pill, injection, capsule), the shape, color, or

size of any pill, tablet or capsule, the dosage of the DES your mother took, and any markings that may have appeared on the product.

**ANSWER:**          Small, round, white, uncoated cross-scored pill with no additional

markings.

    9.      Please set forth all information you have concerning the identity of the manufacturer or supplier of the DES your mother allegedly ingested while pregnant with you. State all facts upon which you base this identification, including, if known, but not limited to, the trade, generic, or brand name of the DES you allege your mother ingested.  Identify by name and address all witnesses with personal knowledge of these facts.

**ANSWER:**          Statements of James P. DellaVolpe, Earl MacPherson, R.Ph., and Mary

Susan Bane.  Marketing materials such as PDR, Matrix, Pill Identification

Tables.  Lilly wholesaler documents.  Plaintiff reserves the right to

supplement this Answer as discovery progresses.

    10.    Please state the date on which you first believed that your mother took DES during her pregnancy with you, the date you first discovered any injury you claim to be due to your exposure to DES, and the date you first believed that DES manufacturers in general or any DES manufacturer in particular acted in any way wrongly, negligently or tortuously in the manufacture or distribution of DES or in the warnings about the use of DES.

**ANSWER:**     a.     Plaintiff first learned that her mother took DES in approximately 1975.

               b.     In 1996, Plaintiff was advised by Dr. Hagen that in utero DES exposure

might have had some effect on the development of her reproductive tract.

The nature and consequences of this effect were unknown and vague.

Plaintiff did not consider this effect an injury as such and continued to

attempt pregnancy.  Plaintiff suffered no pain, needed no treatment to

correct this effect, and did not realize she was debilitated.  Plaintiff had no

information, suggestion, hunch, or inkling that the manufacturer's conduct

in testing or promoting this drug was wrongful or that the drug was

unreasonably dangerous until October 2002.

    c.     October 2002 was the first date Plaintiff believed that DES manufacturers

in general or any DES manufacturer in particular acted in any way

wrongly, negligently, or tortuously in the manufacture or distribution of

DES or in the warnings about the use of DES.

    11.    Please state the names and last known addresses of any attorneys with whom you have discussed or exchanged information regarding your injuries, DES in general, or Lilly. State the approximate dates of each such discussion or exchange of information.

**ANSWER:**    None, other than my present attorneys who were retained in October 2002.

    12.    Please state the number of pregnancies that your mother has had, and for each such pregnancy that your mother has had, please state the approximate date the pregnancy began; the name and address of each physician, clinic, hospital or other health care professional or facility who treated your mother during that pregnancy; the identities of any drugs prescribed to or taken by your mother during that pregnancy; the approximate date the pregnancy ended; the method by which the pregnancy ended (e.g., spontaneous abortion, voluntary abortion, stillborn delivery, live birth); and if the pregnancy ended in a live birth, the name of the child and his or her present residential address.

**ANSWER:**    Plaintiff's mother has had five pregnancies as follows:

    a.     LNMP and physician unknown 1291 Beacon Street, Boston, MA.

Spontaneous miscarriage, 1961.

    b.     LNMP approx. 2/63. Charles Sullivan, M.D., Brighton, MA. DES and

iron pills were prescribed during this pregnancy. Jennifer (Bane) Maitre

was born 11/27/63 at St. Elizabeth's Hospital, Brighton, MA. Current

address is 86 Newell Ave., Needham, MA 02492.

    c.     LNMP approx. 4/64. Bartlet Stone, M.D., Newton, MA. Caroline (Bane)

Rufo was born 1/28/65 at St. Elizabeth's Hospital, Brighton, MA. Current

address is 33 Emerson Road, Needham, MA.

d.    LNMP unknown. Bartlet Stone, M.D., Newton, MA. Spontaneous

miscarriage, approx. 1966.

e.    LNMP approx. date. Bartlet Stone, M.D., Newton, MA. Melissa Bane

was born 8/3/70 at St. Elizabeth's Hospital, Brighton, MA. Current

address is 102 Sewall Ave. Unit 1, Brookline, MA.

13.    Please describe in detail each and every physical or emotional injury you claim to have
experienced as a result of exposure to DES and for each such injury, please state the date of its
diagnosis; identify by name and address each health care provider (e.g., physician, psychiatrist,
psychologist, clinic, hospital, other health care or mental health professional or facility) that has
examined, diagnosed or treated you, or been consulted with regard to each such injury; and
describe in detail the treatment rendered by each such health care provider.

**ANSWER:**  a.    T-shaped abnormal DES uterus, diagnosed January 1996 by David F.

Hagan, M.D., One Brookline Place, Suite 525, Brookline, MA 02445.

b.    Short, DES cervix, diagnosed approx. 1999 by David F. Hagan, M.D.,

c.    Ectopic pregnancy, diagnosed January 1997, Selwyn Oskowitz, M.D.,

Boston IVF, One Brookline Place, Brookline, MA.

d.    Premature delivery of Christian Francis Maitre at 28 weeks gestation,

6/17/99, David F. Hagan, M.D., One Brookline Place, Suite 525,

Brookline, MA 02445 and Beth Israel Deaconess Medical Center, 330

Brookline Ave., Boston, MA 02215.

e.    Premature stillborn delivery at approx. 19 weeks gestation, 7/7/02, David

F. Hagan, M.D., One Brookline Place, Suite 525, Brookline, MA 02445

and Beth Israel Deaconess Medical Center, 330 Brookline Ave., Boston,

MA 02215.

  f.  Infertility, diagnosed approx. 1995 by David F. Hagen, M.D., One

     Brookline Place, Suite 525, Brookline, MA 02245.

  g.  Diminished self-esteem and sense of powerlessness due to inability to

     procreate

  h.  Impaired relationships with friends and relatives who have healthy

     children

  i.  Anger and resentment that reproductive potential is damaged

  j.  Impaired relationships with friends and relatives who have healthy

     children

  k.  Anger and resentment that reproductive potential is damaged

  l.  Inability to fulfill biological destiny

  m.  Relationship with spouse complicated by anger, resentment, and

     disappointment

  n.  Difficulty participating in social activities with other parents

  o.  Feelings of being punished, self-hatred, inadequacy, and inferiority

  p.  Depression

  q.  Anxiety regarding future adverse pregnancy outcomes

Plaintiff reserves the right to supplement this Answer as discovery progresses.

14. Please identify by name and address each physician, psychiatrist, psychologist, clinic, hospital or other health care or mental health professional or facility that has rendered any medical examination, diagnosis, consultation, advice or treatment to you for any health problem, emotional problem or injury other then those which you allege are related to diethylstilbestrol.

**ANSWER:** Plaintiff objects to this Interrogatory as overly broad, burdensome and irrelevant,

nor will it lead to the discovery or any relevant information pertaining to Plaintiff's claims.  In

addition, Plaintiff objects to any health care provider not relevant to her gynecological or

associated conditions.  Without waiving said objection, the following have provided GYN

consultation and/or examinations:

      a.   David F. Hagen, M.D.
           One Brookline Place
           Suite 525
           Brookline, MA 02445

      b.   Selwyn Oskowitz, M.D.
           Boston IVF
           One Brookline Place
           Brookline, MA.

      c.   Dr. Bartlett
           Wellesley Hills, MA

      d.   Bruce Cohen, M.D.
           Beth Israel Deaconess Health Care
           One Brookline Place, Suite 123
           Brookline, MA 02446

      Plaintiff reserves the right to supplement this Answer as discovery

progresses.

    15.    Please state the number of pregnancies that you have had and for each pregnancy,
please state the approximate date the pregnancy began; the name and address of each health care
provider (e.g., physician, clinic, hospital or other health care professional or facility) who
examined or treated you during your pregnancy; the approximate date the pregnancy ended; the
method by which the pregnancy ended (e.g., live birth, spontaneous abortion, voluntary abortion,
stillborn delivery); and, if the pregnancy ended in a live birth, the name of the child and his or
her present residential address.

**ANSWER:**    Plaintiff has had three pregnancies as follows:

      a.   LNMP approx. 1/97.  Selwyn Oskowitz, M.D., Boston IVF, One

          Brookline Place, Brookline, MA.  Ectopic pregnancy, 2/97, requiring

          methotrexate therapy.

      b.   LNMP approx. 11/98.  David F. Hagen, M.D., One Brookline Place

Suite 525, Brookline, MA 02445. Premature delivery of Christian Francis

Maitre at 28 weeks gestation, 6/17/99. Current address is 86 Newell

Ave., Needham, MA 02492.

c.     LNMP approx. 2/02. David F. Hagen, M.D., One Brookline Place

Suite 525, Brookline, MA 02445. Premature stillborn delivery at approx.

19 weeks gestation, 7/7/02.

16.     Please state all means (including, without limitation, natural conception, IUI, and IVF) through which you have attempted pregnancy, including the date ranges of these attempts; and identify by name, address, and date range each partner with whom you made such attempts.

**ANSWER:**     See medical records produced in response to Defendant's Request for Production

of Documents.

17.     Please identify by name, address, and date(s) of treatment each physician, clinic, hospital, or other health care provider that has rendered any medical examination, diagnosis, consultation, advice or treatment to you in connection with your attempts at pregnancy.

**ANSWER:**     See Plaintiff's Answer to Interrogatory No. 14.

18.     If you claim to have suffered or claim you will suffer a loss of earnings as a result of the injuries alleged, state from whom such earnings would have been payable, the total amount of the alleged loss and state any amounts for which you have been reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

**ANSWER:**     Plaintiff is not making a claim for loss or earnings at this time. Plaintiff reserves

the right to supplement this Answer as discovery progresses.

19.     State separately the total amounts, including future amounts, if any, claimed by you as special damages for: (a) services provided by any health care or mental health care provider (including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers and nurses); (b) hospital services; and (c) medical supplies.

**ANSWER:**     A listing of Plaintiff's Special Damages will be forwarded upon receipt and

compilation.

20.    Please state the full name, present business address, area of expertise and professional training of each person expected to testify as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and the opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion and identify any and all written reports made by each such expert concerning his or her findings and opinions.

**ANSWER:**    Plaintiff has not yet decided upon her experts, but is considering calling the following:

    a.    Harris Busch, M.D., Ph.D.
        Baylor Department of Pharmacology
        1 Baylor Plaza, Room 319D
        Houston, TX  77030

Dr. Busch is an expert in the field of Pharmacology and Toxicology, and is expected to testify as to the state of the art.  Specifically, Dr. Busch will testify that Lilly failed to adequately test for the safety of DES.

    b.    David F. Hagen, M.D.
        One Brookline Place
        Suite 525
        Brookline, MA 02445

Dr. Hagen is an expert in the field of Obstetrics and Gynecology and is expected to testify that Plaintiff's exposure in utero caused her uterine and reproductive anomalies, poor pregnancy outcomes, and infertility.  In addition, Dr. Hagen is expected to testify as to Plaintiff's prognosis, and any medical and/or surgical treatment required for same.

    c.    Dr. Merle Berger, M.D.
        Boston IVF
        One Brookline Place
        Brookline, MA 02445

Dr. Berger is a board certified obstetrician/gynecologist and reproductive endocrinologist, and is expected to testify that the Plaintiff was exposed to DES in utero, and that this exposure has caused the Plaintiff's uterine and cervical anomalies, poor pregnancy

outcomes and infertility.

    d.    Daniel M. Sheehan, Ph.D.
          1422 Scott Street
          Little Rock, Arkansas 72202

    Dr. Sheehan is an expert in the field of Toxicology.  He is expected to testify as to the

standard of care of the pharmaceutical industry in the employment of toxicological information

gleaned from animal testing and will testify that said standard of care was violated by the

defendant in its initial and then afterward promotion of DES for use in pregnancy.

    e.    Brian Strom, M.D., MPH
          University of Pennsylvania Medical Center
          Department of Epidemiology and Biostatistics
          824 Blockley Hall, 423 Guardian Drive
          Philadelphia, PA 19104-6021

          Philip Cole, M.D., M.P.H.
          University of Alabama Medical School
          Ryals School of Public Health
          1665 University Boulevard
          Birmingham, AL 35294

    Drs. Strom and Cole are experts in the field of Epidemiology and are expected to

testify that Plaintiff's reproductive tract and anatomic anomalies are causally related to her in

utero DES exposure and placed her at high risk for poor pregnancy outcomes, infertility, and

pre-term delivery.

    Plaintiff reserves the right to supplement this Answer as discovery progresses.

    21.    Please identify all other persons having personal knowledge of any of the facts
bearing on your claim, and for each such person state his or her address, telephone number and
relationship to you, if any.

**ANSWER:**    None, other than those persons previously aforementioned.  Plaintiff reserves the

right to supplement this Answer as discovery progresses.

    22.    If your attorney, or any one acting on your behalf, has obtained statements in any

form from any person concerning any of the events that occurred in regard to the facts alleged in your Complaint, please identify the person or persons who took the statement; identify the person currently in custody of the statement; and state whether the statement was oral or written, and, if oral, whether and in what manner it was recorded.

**ANSWER:**    My attorneys are in possession of statements from James P. DellaVolpe, Earl MacPherson, R.Ph., David F. Hagen, M.D. and Mary Susan Bane.  Plaintiff reserves the right to supplement this Answer as discovery progresses.

The information contained in these answers, as well as the word usage, sentence structure and opinions, are not solely that of the declarant; rather, they are product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: 8/4/04

Jennifer Maitre, as Mother, Guardian and Next Friend of Christian Francis Maitre, a Minor, Declarant

AARON M. LEVINE & ASSOCIATES, P.A.

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
202/833-8040

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this \0ᵗʰ Day of August, 2004, a true and correct copy of the foregoing Plaintiff Jennifer Maitre's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories was served via first class, postage prepaid, U.S. Mail, on counsel for Defendant:

James J. Dillon, Esq.
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600

Lawrence H. Martin
Foley Hoag LLP
1875 K Street, N.W.
Suite 800
Washington, DC 20006

Aaron M. Levine

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER MAITRE, Individually and    )
as Mother, Guardian, and Next Friend of )
CHRISTIAN FRANCIS MAITRE,           )
a Minors,                           )
                                    )    CIVIL ACTION No. 03-CV-02631 (TPJ)
              Plaintiffs,           )
      v.                            )..
                                    )
ELI LILLY AND COMPANY               )
                                    )
              Defendant.            )

**PLAINTIFF JENNIFER MAITRE'S, AS MOTHER, GUARDIAN AND NEXT FRIEND
OF CHRISTIAN MAITRE, ANSWERS TO DEFENDANT
ELI LILLY AND COMPANY'S FIRST SET OF INTERROGATORIES**

1.      Please state your correct full name, date and place of birth and, in chronological order, the full address for each residence, including your present residence, at which you have resided for thirty (30) days or more, including the date each such residency was commenced and terminated.

ANSWER:          a.    Christian Francis Maitre

                 b.    6/17/99, Beth Israel Deaconess Medical Center, Boston, MA

                 c.    86 Newell Ave., Needham, MA 02492

2.      Please state your educational background, including the name and address of each school attended, the years of attendance at each such school, and the degree or diploma obtained at such school.

ANSWER:          Not applicable at this time.

3.      Have you or has anyone on your behalf made any written application for any policy of insurance upon your life or for medical or hospital benefits? If so, please state the name and address of each company to which such application was made and the approximate date thereof, the name and address of each physician who examined you in connection with any such application and the approximate date thereof.

ANSWER:          Plaintiff's medical insurance has been provided by the following carriers:

                 a.    Blue Cross Blue Shield Massachusetts

                Company: WNA Comet East
                Subscriber: Jennifer Maitre
                June 1999 - September 1999

b.      Blue Cross Blue Shield Massachusetts
         Company: The Wine Line
         Subscriber: Jennifer Maitre
         September 1999 - April 2001

c.      Anthem Blue Cross of Connecticut
         Company: Gemma Power Systems
         Subscriber: Jennifer Maitre
         April 2001 - December 2003

d.      Massachusetts Health
         January 2004 - June 2004

e.      Harvard Pilgrim Health Care
         Company: Convenient Mart
         Subscriber: Chris Maitre
         June 2004 - present

4.     As to your birth, please state: (a) the name and address of the doctor(s) who cared for your mother during the pregnancy and/or delivery of you, or if you were not delivered by a doctor, the name and address of any and all persons who assisted in your delivery; (b) the name and address of the hospital where you were delivered, or if you were not delivered in a hospital, the state and location of your delivery; c) the names of your mother and father as of your date of birth and their dates of birth; (d) the inclusive dates of your mother's pregnancy when she was pregnant with you; and (e) all complications that arose just before, during, or just after your birth.

**ANSWER:**    a.    See Plaintiff Jennifer Maitre's Answer to Interrogatory No. 15

              b.    See Plaintiff Jennifer Maitre's Answer to Interrogatory No. 15.

              c.    See Plaintiff Jennifer Maitre's Answer to Interrogatories Nos.

                    1 and 3.

              d.    LNMP approx. 12/99.  Date of birth: 6/17/99.

              e.    See Answer to Interrogatory No. 5a.

5.     Concerning your injuries and disabilities or the damages therefrom which you allege to have resulted from your mother's alleged exposure to the drug(s) identified in your Complaint, please describe: (a) the nature and extent of such injuries and disabilities and the part

or parts of your body affected thereby, including the manner in which the injury first manifested itself, the date of the manifestation, and the onset of symptoms; (b) the date on which and the name and address of the person from whom you first sought medical care for such injury; and c) the nature and extent of any injuries or disabilities from which you are now suffering and what parts of your body are still so affected.

ANSWER:     a.     Plaintiff's injuries include:

1.     Respiratory Distress

2.     Staphylococcus aureus bacteremia

3.     Cellulitis

4.     Hyperbilirubinemia

5.     Apnea of Prematurity

6.     Anemia of Prematurity

7.     Immature Retinal Vascularization and Retinopathy of Prematurity

8.     Premature delivery at approx. 28 weeks gestation

9.     Gross motor delay

10.    Failure to Thrive

11.    Global Developmental Delay

12.    Hypotonia

13.    Developmental Delay

14.    Delay in Periventricular Myelination

15.    Grade I Chronic Malnutrition

16.    Growth Retardation, including Delayed Bone Age

17.    Dysphagia

See Plaintiff's medical records for dates of diagnoses and relevant

physicians.

b.     See Plaintiff's medical records

c.     See Plaintiff's medical records

Plaintiff reserves the right to supplement this Answer as discovery progresses.

6.     Have you ever been confined, examined, treated or x-rayed in any hospital or clinic or have you seen any health care provider (including psychiatrists, psychologists, rehabilitation specialists or therapists) as a result of any injury or disability which you allege to have resulted from your mother's alleged exposure to the drug(s) identified in you Complaint?  If so, please state the name and address of each such hospital, clinic or health care provider, the dates and reasons you were confined, examined, treated or x-rayed at such hospital or clinic or by such health care provider, and the nature of the treatment received by you.

**ANSWER:**      a.     Children's Hospital
                        300 Longwood Ave.
                        Boston, MA 02115

              b.     Beth Israel Deaconess Medical Center
                        330 Brookline Ave.
                        Boston, MA 02215

              c.     Advanced Chiropractor Center
                        332 Washington St. #200
                        Wellesley Hills, MA 02481

              d.     Lexington Medical Associates
                        16 Hayden Ave.
                        Lexington, MA 02421

              e.     William Singer, M.D.
                        42 Washington St. Suite 100
                        Wellesley, MA 02481

              f.     Alan Stern, M.D.
                        Paula McEvoy, M.D.
                        Needham Pediatrics
                        111 Lincoln St.
                        Needham, MA 02492

              g.     Riverside Early Intervention
                        460 Hillside Avenue
                        Needham, MA 02494

See Plaintiff's medical records and reports produced in response to

Defendant's Request for Production of Documents. This answer will be

supplemented as discovery progresses.

7.    Have you received any educational training, counseling or therapy, and if so, please describe in detail the nature of the training, counseling or therapy received, the name and address of each institution, teacher, counselor or therapist and the dates and reasons for the training, counseling or therapy received.

**ANSWER:**        Plaintiff has been receiving early intervention, occupational, physical, and

chiropractic therapy from the following institutions:

a.    Advanced Chiropractor Center
      332 Washington St. #200
      Wellesley Hills, MA 02481

b.    Riverside Early Intervention
      460 Hillside Avenue
      Needham, MA 02494

c.    Needham Public School
      Department of Special Education

Plaintiff reserves the right to supplement this Answer as discovery

progresses.

8.    Have you been confined, examined, treated or x-rayed in any hospital or clinic or have you seen any health care provider (including psychiatrists, psychologists or therapists) for any injury or health problem that you do <u>not</u> attribute to your mother's alleged exposure to the drug(s) identified in your Complaint? If so, please state the name and address of each such hospital, clinic, or health care provider, the dates and reasons you were confined, examined, treated or x-rayed at such hospital or clinic, or by such health care provider, and the nature of the care received by you.

**ANSWER:**        Christian Maitre has received routine pediatric care from the following

pediatricians:

Alan Stern, M.D.
Needham Pediatrics
111 Lincoln St.

Needham, MA 02492

Paula McEvoy, M.D.
Needham Pediatrics
111 Lincoln St.
Needham, MA 02492

Plaintiff reserves the right to supplement this Answer as discovery

progresses.

9.      Please itemize any and all special damages you claim to have incurred directly or
indirectly, for treatment and care of yourself as a result of your mother's alleged exposure to the
drug(s) identified in your Complaint, including but not limited to doctor and hospital bills,
prescription bills, nursing services, rehabilitative care, rehabilitative equipment, special
education and training, therapy and counseling, and other employed help, stating the name and
address of a person or company performing this service, the amount of each bill and the dates and
nature of the services rendered.

**ANSWER:**        A copy of Christian Maitre's Special Damages will be forwarded upon

receipt and compilation.

10.     Please state the name, address and specialty of each doctor who has given you,
your attorney, or your representatives an opinion as to the probable cause of the injuries,
conditions, or illnesses complained of in this lawsuit and whether such opinion was
communicated orally or in writing, the substance of each such opinion, and the date each such
opinion was given.

**ANSWER:**        See Plaintiff's medical records and reports produced in response to

Defendant's Request for Production of Documents.  This answer will be

supplemented as discovery progresses.

11.  .  Please identify each person whom you expect to call as an expert witness at trial,
such identification to include the name, address, educational background and occupation of the
person, the subject matter on which the expert is expected to testify, the substance of facts and
opinions to which the expert is expected to testify and the summary of the grounds for each
opinion.

**ANSWER:**         Plaintiff has not completed discovery nor decided upon his experts

but is considering calling the following:

a.    Alan K. Stern
Needham Pediatrics
111 Lincoln Street
Needham, MA 02492

Dr. Stern is a board certified pediatrician and is expected to testify that

Plaintiff's diagnoses are the result of his prematurity.  Additionally, Dr. Stern is expected to

testify regarding Plaintiff's prognoses.  See Dr. Stern's report produced in response to Plaintiff's

Request for Production of Documents.

b.    Dr. Richard Lurito
RL Inc.
1491 Chain Bridge Rd.
#300
McLean, VA 22101

Dr. Lurito is an expert in the field of economics and is expected to testify as to the

present value of Plaintiff's loss of earnings and future needs costs for Plaintiff Christian Maitre.

c.    Dr. Raphael Minsky, Ed.D.
The Christopher Condominium
Suite 101
4808 Moorland Lane
Bethesda, MD 20814

Dr. Minsky is an expert in the field of Rehabilitation Psychology and

Educational / Vocational Services, and bases his opinions on his education, training, experience

and review of the medical records, as well as an evaluation of Plaintiff.  Specifically, Dr. Minsky

will testify regarding Plaintiff's current condition, his level of pain and suffering, his loss of

earning capacity, as well as his current and future care needs, rehabilitation needs, medical

needs, and the costs for such services for his lifetime.  Dr. Minsky's curriculum vitae and fee for

expert testimony have previously been provided.  A copy of Dr. Minsky's report will be

forwarded upon receipt.

d.    Dr. Phillip Bussey, Ph.D., CRC
Bussey, Davis & Associates, Inc.
9500 Annapolis Road
Suite B-6
Landham, MD 20706

Dr. Bussey is an expert in the field of Vocational Rehabilitation and bases his opinions

on his education, training, experience and review of the medical records, as well as an evaluation

of Plaintiff, and is expected to testify regarding Plaintiff's future loss of earnings and loss of

earnings capacity sustained as a result of the aforementioned injuries.  A copy of Dr. Bussey's

curriculum vitae and fee for expert testimony have previously been provided.  A copy of Dr.

Bussey's report will be forwarded upon receipt.

e.    Harris Busch, M.D., Ph.D.
Baylor Department of Pharmacology
1 Baylor Plaza, Room 319D
Houston, TX  77030

Dr. Busch is an expert in the field of Pharmacology and Toxicology, and is expected to

testify as to the state of the art.  Specifically, Dr. Busch will testify that Lilly failed to adequately

test for the safety of DES.

f.    Daniel M. Sheehan, Ph.D.
1422 Scott Street
Little Rock, Arkansas 72202

Dr. Sheehan is an expert in the field of Toxicology.  He is expected to testify as to the

standard of care of the pharmaceutical industry in the employment of toxicological information

gleaned from animal testing and will testify that said standard of care was violated by the

defendant in its initial and then afterward promotion of DES for use in pregnancy.

Plaintiff reserves the right to supplement this Answer as discovery progresses.

12.    Please identify all persons who have any knowledge of the facts alleged in your
Complaint, such identification to include each person's name, address, occupation and employer.

ANSWER:            None, other than those persons aforementioned.  Plaintiff reserves the

right to supplement this Answer as discovery progresses.

The information contained in these answers, as well as the word usage, sentence structure and opinions, are not solely that of the declarant; rather, they are product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: 8/4/04

Jennifer Maitre, Declarant

AARON M. LEVINE & ASSOCIATES, P.A.

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
202/833-8040

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th Day of August, 2004, a true and correct copy of the foregoing Plaintiff Jennifer Maitre's, as Mother, Guardian and Next Friend of Christian Francis Maitre, Answers to Defendant Eli Lilly and Company's First Set of Interrogatories was served via first class, postage prepaid, U.S. Mail, on counsel for Defendant:

James J. Dillon, Esq.
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600

Lawrence H. Martin, Esq.
Foley Hoag LLP
1875 K Street, N.W. Suite 800
Washington, DC 20006

Aaron M. Levine